IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARVEY KNIGHT,<br><br>      Petitioner,<br><br>  vs.<br><br>JOHN W. HAVILAND, Warden, California State Prison, Solano,<br><br>      Respondent. | No. 2:09-cv-00281-JKS<br><br>MEMORANDUM DECISION |

  Harvey Knight, a state prisoner appearing *pro se*, filed a Petition for Habeas Corpus Relief under 28 U.S.C. § 2254. Knight is currently in the custody of the California Department of Corrections and Rehabilitation, incarcerated at the California State Prison, Solano. Respondent has answered, and Knight has replied.

I. BACKGROUND/PRIOR PROCEEDINGS

  Knight was convicted following a jury trial in the Los Angeles County Superior Court of three counts of Attempted Murder (Cal. Penal Code §§ 187(a), 664); three counts of Assault with a Firearm (Cal. Penal Code § 245(a)(2)), one count of Attempted Robbery (Cal. Penal Code §§ 211, 664), and one count of Robbery in the First Degree (Cal. Penal Code § 211), together with five enhancements for the use of a firearm (Cal. Penal Code § 12022.5) and five enhancements for inflicting great bodily injury (Cal. Penal Code § 12022.7). In April 1989 the trial court sentenced Knight to an indeterminate prison term of life with the possibility of parole, plus five years. Knight does not challenge his conviction or sentence in this proceeding.

In November 2007 Knight appeared for his fifth parole suitability hearing before the California Board of Parole Hearings ("Board). The Board, after finding Knight was not suitable for parole and would pose an unreasonable risk of danger to society or a threat to public safety if released from prison, denied Knight parole for a period of two years. Knight timely filed a petition for habeas relief in the Los Angeles County Superior Court, which denied his petition in an unreported, reasoned decision. Knight's subsequent petition for habeas relief was summarily denied by the California Court of Appeal, Second Appellate District, without opinion or citation to authority. The California Supreme Court summarily denied Knight's subsequent petition for habeas relief without opinion or citation to authority on December 23, 2008. Knight timely filed his Petition for relief in this Court on January 28, 2009.

Because the facts underlying Knight's conviction are well known to the parties and are unnecessary to a determination of the issues presented in Knight's Petition, they are not repeated here.

## II.  GROUNDS RAISED/DEFENSES

In his Petition, Knight raises three grounds: (1) the Board's unsuitability factors are unconstitutional; (2) the Board's decision to extend his term for an additional two years extends Knight's prison term beyond the maximum release date for the offenses for which he was convicted; and (3) the decision of the Board that he currently posed an unreasonable risk of danger to society was unsupported by relevant, reliable evidence. Respondent asserts no affirmative defense.[1]

---

[1] *See* Rules—Section 2254 Cases, Rule 5(b).

III.  STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" at the time the state court renders its decision or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[2]  The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision."[3]  The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts.[4]  Thus, where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'"[5]  When a claim falls under the "unreasonable application" prong, a state court's application of Supreme Court precedent must

---

[2] 28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 404-06 (2000); *see also Lockyer v. Andrade,* 538 U.S. 63, 70-75 (2003) (explaining this standard).

[3] *Williams*, 529 U.S. at 412.

[4] *Early v. Packer*, 537 U.S. 3, 10 (2002).

[5] *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (alterations by the Court); *see Wright v. Van Patten*, 552 U.S. 120, 127 (2008) (per curiam); *Kessee v. Mendoza-Powers*, 574 F.3d 675, 678-79 (9th Cir. 2009); *Moses v. Payne*, 555 F.3d 742, 753-54 (9th Cir. 2009) (explaining the difference between principles enunciated by the Supreme Court that are directly applicable to the case and principles that must be modified in order to be applied to the case; the former are clearly established precedent for purposes of § 2254(d)(1), the latter are not).

be objectively unreasonable, not just incorrect or erroneous.[6] The Supreme Court has made clear that the objectively unreasonable standard is a substantially higher threshold than simply believing that the state court determination was incorrect.[7] "[A]bsent a specific constitutional violation, federal habeas corpus review of trial error is limited to whether the error 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'"[8] In a federal habeas proceeding, the standard under which this Court must assess the prejudicial impact of constitutional error in a state court criminal proceeding is whether the error had a substantial and injurious effect or influence in determining the outcome.[9] Knight has the burden of showing by a preponderance of the evidence that he merits habeas relief.[10]

In applying this standard, this Court reviews the last reasoned decision by the state court.[11] State appellate court decisions that summarily affirm a lower court's opinion without explanation are presumed to have adopted the reasoning of the lower court.[12] This Court gives

---

[6] *Wiggins v. Smith*, 539 U.S. 510, 520-21 (2003) (internal quotation marks and citations omitted).

[7] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

[8] *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990) (quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).

[9] *Fry v. Pliler*, 551 U.S. 112, 121 (2007) (adopting the standard set forth in *Brecht v. Abrahamson*, 507 U.S. 619, 637-38 (1993)).

[10] *Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002); *see Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (per curiam) (stating that a federal court cannot grant "habeas relief on the basis of little more than speculation with slight support").

[11] *Ylst v. Nunnemaker*, 501 U.S. 797, 804 (1991); *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004).

[12] *Ylst*, 501 U.S. at 802-03.

the presumed decision of the state court the same AEDPA deference that it would give a reasoned decision of the state court.[13]

Under California's unique habeas procedure, a defendant who is denied habeas relief in the superior court files a new original petition for relief in the court of appeal. If denied relief by the court of appeal, the defendant has the option of either filing a new original petition for habeas relief or a petition for review of the court of appeal's denial in the California Supreme Court.[14] This is considered as the functional equivalent of the appeal process.[15]

## IV.  DISCUSSION

Analysis starts with two principles. First, it is well-established by Supreme Court precedent that there is no constitutional or inherent right of a convicted person to be conditionally released on parole before expiration of a sentence.[16] A state may establish a parole system, but it is under no duty to do so.[17] In creating a parole system, a state may be either specific or general in defining the conditions for release and the factors to be considered by the parole authority.[18] As the Supreme Court has observed, the inquiry by the parole authority is, in a sense, an "equity type judgment" that involves a synthesis of record facts and personal observation filtered through the experience of the decision maker and leading to the predictive judgment as to what is best for

---

[13] *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 784-85 (rejecting the argument that a summary disposition was not entitled to § 2254(d) deference).

[14] *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002).

[15] *Id.* at 222.

[16] *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979).

[17] *Id.*

[18] *Id.* at 7-8.

both the individual inmate and for the community."[19]  In this respect, "the decision differs from the traditional mold of judicial decision making."[20]

If a state does create a parole system it may, as does California, create an enforceable liberty interest in parole protected by the Due Process Clause of the Constitution.[21]  That state-created liberty interest "is the interest in receiving parole when the California standards for parole have been met, and the minimum procedures adequate for due-process protection set forth in *Greenholtz*."[22]  The Constitution only requires that a prisoner be allowed an opportunity to be heard and be provided with a statement of the reasons why a parole is denied, nothing more.[23]  California prisoners are allowed to speak at their parole hearings and to contest the evidence against them, are afforded access to their records in advance, and are notified of the reasons why parole is denied.  That is all that due process requires.[24]

Second, to the extent that Knight raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding.[25]  "[The Supreme Court has] long recognized that a mere error of state law is not a denial of due process."[26]  "Federal

---

[19] *Id.* at 8.

[20] *Id.*

[21] *Swarthout v. Cooke*, 562 U.S. ___, ___, 131 S. Ct. 859, 862 (20110 (per curiam); *see Bd. of Pardons v. Allen*, 482 U.S. 369, 377 (1987); *Greenholtz*, 442 U.S. at 412.

[22] *Cooke*, 562 U.S. at ___, 131 S. Ct. at 862.

[23] *Id.* (citing *Greenholtz*, 442 U.S. at 16).

[24] *Id.* at ___, 131 S. Ct. at 862.

[25] *Id.* at ___, 131 S. Ct. at 863 (holding that it is of no federal concern whether state law was correctly applied).

[26] *Id.* (internal quotation marks and citations omitted).

courts hold no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of [federal] constitutional dimension."[27]

It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law.[28] "[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."[29] A determination of state law by a state intermediate appellate court is also binding in a federal habeas action.[30] This is especially true where the highest court in the state has denied review of the lower court's decision.[31]

---

[27] *Sanchez-Llamas v. Oregon*, 548 U.S. 331, 345 (2006) (quoting *Smith v. Philips*, 455 U.S. 209, 221 (1982)) (internal quotation marks omitted); *see Wainwright v. Goode*, 464 U.S. 78, 86 (1983) (per curiam).

[28] *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (it is presumed that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002); *see also Engle v. Isaac*, 456 U.S. 107, 119 (1982) (challenging the correctness of the application of state law does not allege a deprivation of federal rights sufficient for habeas relief); *Bell v. Cone,* 543 U.S. 447, 455 (2005) (a federal court may not lightly presume that a state court failed to apply its own law).

[29] *Bradshaw v. Richey,* 546 U.S. 74, 76 (2005); *see West v. AT&T,* 311 U.S. 223, 236 (1940) ("[T]he highest court of the state is the final arbiter of what is state law.  When it has spoken, its pronouncement is to be accepted by federal courts as defining state law . . . .").

[30] *See Hicks v. Feiock,* 485 U.S. 624, 629-30 & n.3 (1988) (noting state appellate court's determination of state law is binding and must be given deference).

[31] *Id.*; *see West,* 311 U.S. at 237 ("This is the more so where, as in this case, the highest court has refused to review the lower court's decision rendered in one phase of the very litigation which is now prosecuted by the same parties before the federal court."); *Shannon v. Newland*, 410 F.3d 1083, 1087 (9th Cir. 2005) (same).

7

Ground 1:  Board's Unsuitability Factors Unconstitutional

Knight argues that the suitability factors relied upon by the Board were unconstitutional and void on the basis that the administrative regulation establishing them[32] exceeded the authority conferred by the California Legislature on the Board and were not reasonably necessary to effectuate the statute intended to be implemented.  The Los Angeles County Superior Court rejected Knight's argument, holding:  "[t]he Court finds that [Knight's] argument that the suitability factors the Board used are unconstitutional is without merit.  See *In re Seabock* (1983) 140 Cal.App.3d 29, 40-41."[33]

The California Board of Parole Hearings is an executive department agency established by the California Legislature.  Its powers and authority are delineated by California law.  The extent of those powers and the Board's authority are purely questions of California law, beyond the purview of this Court in a federal habeas petition.  Knight's argument on this ground is based upon California, not federal, law.  Knight's reliance on *Mistretta v. United States*[34] is misplaced. *Mistretta* was concerned with the powers of Congress to confer powers on federal administrative agencies under the separation of powers embodied in the Federal Constitution.  *Mistretta* did not impose, and cannot be read as imposing, upon the several states a federal constitutional limitation on the authority of state legislatures to create and define the powers of state administrative agencies.  That is governed by the state constitution.  Absent a question of federal constitutional dimension, Knight is not entitled to relief under his first ground.

---

[32] Cal. Code Regs. tit. 15, § 2402.

[33] Docket No. 18-5, p. 4.

[34] 488 U.S. 361, 382 (1989).

Ground 2:  Two-Year Denial

At the time of the Board's denial of parole, Knight had served approximately 16 years of his life sentence.  As he did before the state courts, Knight contends before this Court that the Matrix of Base Terms for Attempted Willful, Deliberate and Premeditated Murder adopted by the Board establishes the "base" term of his imprisonment at 11 - 12 - 13 years,[35] which Knight contends is the "statutory maximum."  Therefore, Knight argues that, because the two-year denial extends his prison term beyond the maximum under the matrix, under *Apprendi*[36] the factors relied upon by the Board in finding that he was not suitable for parole must have been presented to and found by the jury to be true beyond a reasonable doubt.  The Los Angeles County Superior Court rejected Knight's argument, holding:

> [. . . .]  Additionally, the Court rejects [Knight's] contention that the Board's denial illegally extended his sentence beyond the statutory maximum.  The Board's decision does not increase [Knight's] sentence, but merely finds that he is not yet suitable for parole.  Further, [Knight] was sentenced to an indeterminate term with a maximum life sentence.  The relevant statutes and regulations that govern parole clearly do not entitle a life prisoner to release on parole, regardless of the amount of time served, unless [Knight] is found suitable for parole.  See *Honesto, supra,* 130 Cal. App. 4th at 92-93.[37]

Knight's argument that the matrix adopted by the Board sets the "statutory maximum" is unpersuasive and unsupported by any authority.  No court, state or federal, has held that the matrix adopted by the Board sets the "statutory maximum."  Indeed, the Supreme Court has specifically stated that "the 'statutory maximum' for *Apprendi* purposes is the maximum

---

[35] *See* Cal. Code Regs. tit. 15, § 2403(d).

[36] *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000); *see Blakely v. Washington*, 542 U.S. 296, 301 (2004).

[37] Docket No. 18-5, p. 4.

9

sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*."[38]  In this case, the statutory maximum was the sentence imposed by the judge—life with the possibility of parole, *provided that* Knight satisfied the requirements for parole under California law.  The California courts found that Knight did not satisfy the requirements for parole under California law, an issue that is not within the purview of this Court.  Having failed to raise a question of constitutional dimension, Knight is not entitled to relief under his second ground.

      Ground 3:  Insufficiency of the Evidence

Knight argues that the evidence was insufficient to support a finding that he posed an unreasonable risk to the community.  The Los Angeles County Superior Court, discussing in some detail the evidence relied upon by the Board, found that there was some evidence to support the Board's findings of the factors the Board applied in denying Knight parole.[39]

After briefing in this case was completed, the United States Supreme Court decided *Cooke*.  This Court must decide the case on the law as it exists at the time this Court renders its decision and, if controlling law changes while the case is pending, this Court applies the law as changed.[40]  *Cooke* forecloses Knight's arguments *vis-a-vis* California's "some evidence" rule.

---

[38] *Blakely*, 542 U.S. at 303 (emphasis in the original); *see Cunningham v. California*, 549 U.S. 270, 288-89 (2007).

[39] Docket No. 18-5, pp. 2-3.  Because they are unnecessary to the Court's determination of this ground, the evidence relied upon and the analysis by the Los Angeles County Superior Court are not repeated.

[40] *See Thorpe v. Housing Authority of City of Durham*, 393 U.S. 268, 281-82 (1969); *Lambert v. Blodgett*, 393 F.3d 943, 973 n.21 (9th Cir. 2004).

Generally, when a higher court issues new controlling authority after briefing is complete, this Court requests further briefing from the parties addressing the new authority. The Supreme Court decision in *Cooke* is so clear that further briefing would unduly prolong this case without any possibility of changing the result. The Supreme Court has limited federal habeas review to the procedures followed by the Board and the Governor and defined with care what it meant by the applicable procedures. No longer may this Court consider how the California courts applied California law.[41] Under these circumstances further briefing would not aid this Court in reaching a decision.

As noted above, because the only federal right at issue in this case is procedural, the relevant inquiry is whether Knight received due process. The California parole scheme satisfies due process.[42] Knight contends that the decision of the Board was unsupported by some evidence, a requirement of California law,[43] not federal due process. "[I]t is of no federal concern . . . whether California's 'some evidence' rule of judicial review (a procedure beyond what the Constitution demands) was correctly applied."[44] Because Knight has failed to establish a wrong of constitutional dimension, he is not entitled to relief under his third ground.

---

[41] *Cooke* eviscerates Knight's argument to the extent it is based on the Ninth Circuit decisions in *Hayward v. Marshall*, 603 F.3d 546, 563 (9th Cir. 2010) (en banc), *Irons v. Carey*, 479 F.3d 658 (2007), *Sass v. California Board of Prison Terms*, 461 F.3d 1123 (9th Cir. 2006), and *Biggs v. Terhune*, 334 F.3d 910 (9th Cir. 2003).

[42] *Cooke*, 562 U.S. at ___, 131 S. Ct. at 862.

[43] *See In re Lawrence*, 190 P.3d 535 (Cal. 2008); *In re Shaputis*, 190 P.3d 573 (Cal. 2008).

[44] *Cooke*, 562 U.S. at ___, 131 S. Ct. at 863.

## V. CONCLUSION AND ORDER

Knight is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability.[45]  Any further request for a Certificate of Appealability must be addressed to the Court of Appeals.[46]

The Clerk of the Court is to enter judgment accordingly.

Dated:  August 10, 2011.

/s/ James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
United States District Judge

---

[45] 28 U.S.C. § 2253(c); *Banks v. Dretke,* 540 U.S. 668, 705-06 (2004) ("to obtain a certificate of appealability a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'") (quoting *Miller-El*, 537 U.S. at 327)).

[46] *See* Fed. R. App. P. 22(b); Ninth Circuit R. 22-1.